UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ROCHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARA BAILEY, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06206-RFL<br><br>**ORDER REMANDING ACTION; DENYING AS MOOT DEFENDANTS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* AND REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 4, 5, 6, 9, 11 |

　　　　Plaintiff filed an unlawful detainer action against Defendants Tara Bailey, Jewel Bailey, and Jimmie Jones-Newton in the Alameda County Superior Court in March 2024. (*See* Dkt. No. 1.) This is Defendants' third attempt to remove the case to federal court. *See Rocha v. Bailey et al.*, 24-cv-03970-RFL, Dkt. No. 24 (remanding case); *Rocha v. Bailey et al.*, 24-cv-04774-VC, Dkt. No. 12 (remanding case). As Defendants were previously advised, no subject matter jurisdiction exists over this action, which arises under state law, and their claims or defenses cannot form the basis of the Court's jurisdiction.

　　　　While Defendants now invoke 28 U.S.C. § 1443, which provides for removal of certain civil rights cases, they have not met their burden of establishing this basis for removal. *See Le v. Gonzalez*, No. 5:17-CV-04514-HRL, 2017 WL 3476083, at *2 (N.D. Cal. Aug. 14, 2017) (remanding unlawful detainer action for failure to "identify any state statute or a constitutional provision that purports to command the state courts to ignore [defendant's] federal rights or any formal expression of state law that prohibits her from enforcing her civil rights in state court" (cleaned up)); *Elward v. Cano*, No. 24-CV-03054-SVK, 2024 WL 3032949, at *2–3 (N.D. Cal.

1

May 31, 2024), *report and recommendation adopted*, No. 24-CV-03054-BLF, 2024 WL 3033997 (N.D. Cal. June 17, 2024) (same).  And in any event, removal is untimely because Defendants filed their notice of removal more than 30 days after they were served with the complaint and summons.  *See* 28 U.S.C. § 1446(b).  Accordingly, this case is **REMANDED** to the Alameda County Superior Court, and Defendants' applications to proceed *in forma pauperis* (Dkt. Nos. 4–6), as well as their motion for an extension of time to respond to Plaintiff's "many other motions and declarations"[1] (Dkt. No. 11), are **DENIED** as moot.

      Defendants were previously advised that another attempt to remove this action without an objectively reasonable basis may result in an award of fees and costs for Plaintiff under 28 U.S.C. § 1447(c).  Plaintiff requests fees and costs as a result of Defendants' latest removal, and that Defendants be deemed vexatious litigants.  In view of Defendants' pro se status, the Court will temporarily withhold ruling on those two requests.  If Defendants make further attempts to remove the underlying unlawful detainer action before December 11, 2024, Plaintiff may provide the Court with a status report citing the case number of the attempted removal, and the Court will consider that information in determining whether to award fees and costs and deem Defendants to be vexatious litigants in this matter.  On the other hand, if Defendants have not done so as of December 11, 2024, the Court is inclined to deny fees and costs and the request to deem Defendants vexatious litigants.

      **IT IS SO ORDERED.**

Dated: September 12, 2024

                                                         RITA F. LIN
                                                         United States District Judge

---

[1] Defendants already filed an opposition to Plaintiff's motion to remand and request to declare Defendants as vexatious litigants.  (Dkt. No. 10.)